In re Jimmy K. and Donna S. AUSTIN.

Bankruptcy No. 93–42699S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 9, 1994.

Geoffrey Treece, Little Rock, AR, for debtors.

Richard D. Taylor, Little Rock, AR, for Agribank.

### ORDER DENYING MOTION TO AMEND FINDINGS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtors' Motion to Amend Findings of Fact and/or to Alter or Amend Judgment, filed on August 8, 1994, to which the creditor Agribank, FCB ("Agribank") responded on August 26, 1994. This Court previously ruled in this case that the forty acres[1] upon which the debtors currently reside may not be claimed exempt as homestead with respect to Agribank because Agribank's lien attached to this parcel of land claimed by the debtor prior to the time the land became debtors' homestead.

Agribank obtained a consent decree on a 190 acre tract of land owned by the debtors, on July 11, 1991. At the time that judgment was filed, it became a lien on all other property owned by the debtors in Lonoke County, Arkansas. Despite entry of the consent judgment, the debtors refused to move from the tract, and did not do so until a Writ of Assistance was issued. Thereafter the debtors argued in other legal proceedings that they were entitled to return of their home. During trial on the exemption issue, the debtor Jimmy Austin explained his reasons for continuing to fight for the 190 acres: "I wanted my home back."

The debtors assert that they considered the entire 230 acres they farmed as their "homeplace," and, since they never designated any particular portion of that homeplace as their homestead, they could designate the remaining 40 acres as homestead when they filed their petition in bankruptcy. This argument ignores the relevant time period for determining homestead in this case and the facts presented at trial.

■ The issue for the Court was whether the forty acres constituted the debtors' homestead *at the time Agribank's lien attached.* An Arkansas citizen is entitled to claim, at a maximum, only 160 acres as rural homestead. The fact that the debtors considered 230 acres as "homeplace" does expand their homestead rights under Arkansas law. The fact that the debtors did not designate any portion of that 230 acres in July 1991 as homestead does not, in 1993, give them the right to designate a particular portion of that land for purposes of electing a homestead as of July 1991. The Court is not bound by the declaration of homestead on the date of the filing of the petition in bankruptcy. The relevant time period is when Agribank's lien attached, on July 11, 1991. At the relevant time period, not only did the debtors not reside on the 40 acre parcel, they showed no intent to make that forty acres their homestead. Rather, they lived on another 190 acre tract of land, refused to move from that 190 acres for eight months after foreclosure, continued to litigate the issue of entitlement to the 190 acres, secreted their ownership of the forty acre parcel, and testified, in court, under oath, that the 190 acres was their "home."

■ The debtors assert that there is no evidence in the record to support the factual findings that 160 of the 190 acres of the debtors' land was their homestead. Apparently, the debtors believe that since they did not expressly state their intent as of a specif-

---

1. The forty acres was devised to the debtor husband by his father. In 1929, J.A. Austin, the debtor husband's father purchased eighty acres of land. J.A. Austin died testate in 1989, devising to his two sons specific portions of the land. Jimmy Austin, the debtor in this case, inherited the east one-half of the land. Norvell Austin received the west one-half of the eighty acres, which property contained a residence. No deeds were ever recorded to reflect the inheritance in the public records. Probate was never opened for J.A. Austin. The acreage, still titled in the name of J.A. Austin, has not been partitioned. In this manner, the debtors were able, for a time, to conceal from creditors their ownership of the forty acres.

In light of these facts, is it also questionable whether the debtor wife is entitled to claim any legal interest in the land, much less claim a homestead exemption.

ic date that no finding can be made. This is incorrect. A party's intent must often be inferred from the all of the facts and circumstances of the case, combined with the testimony and demeanor of the party. In this instance, the debtor husband made it clear,[2] from his words, tone, and demeanor, what land they considered to be "home": the 190 acres. Indeed, this Court cannot imagine a more telling statement of intent than the debtor husband's plaintive, "I wanted my home back." The debtor husband's emotional statement, combined with the acreage limitations imposed under Arkansas law, compels the conclusion that 160 of the 190 acres was the debtors' homestead during the relevant time period, when Agribank's lien attached.

The Court has reviewed the pleadings, the record, the Order Sustaining Objection to Exemption, the relevant law, and the parties' arguments. The Court agrees with the position and analysis set forth in Agribank's response; its arguments are well-taken. Accordingly, it is

**ORDERED** that the Motion to Amend Findings of Fact and/or to Alter or Amend Judgment, filed on August 8, 1994, is DENIED.

**IT IS SO ORDERED.**

2. The debtor wife did not testify.